IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 06-30003 |
| ) | |
| GERRI E. RIPKA, ) | |
| ) | |
| Defendant. ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter came before the Court on January 19, 2007, for the sentencing hearing of Defendant Gerri E. Ripka. Defendant Ripka appeared in person and by her attorney Michael J. Costello. The Government appeared by Assistant U.S. Attorney Joseph Hartzler. On April 12, 2006, Defendant Ripka pleaded guilty to the charge of Embezzlement and Misappropriation, in violation of 18 U.S.C. § 1033(b)(1)(A), as alleged in the Indictment (d/e 1). The United States Probation Office prepared a Revised Presentence Investigation Report (PSR), dated January 8, 2007.

The Government noted an error in the Probation Office's calculations of amount of loss in the PSR. The Government stated that the Probation

1

Office's calculation of the amount of loss was $11.00 off. The amount should have been losses in the amount of $221,277.22, rather than $221,288.22. The Probation Office agreed.

The Government also objected to the finding in paragraph 23 that no adjustment for obstruction of justice was warranted. For the reasons stated of record, the objection was sustained. The Court determined that the Defendant was guilty of obstruction by forcing her mother to write a letter falsely denying statements that her mother had made during an FBI interview. The letter falsely claimed that Ripka's mother had loaned Ripka $24,300.00. Ripka, in fact, induced her mother to give Ripka the money by falsely representing to her mother that the $24,300.00 would be used to purchase an annuity for her mother. Ripka did not purchase an annuity; rather, she deposited the funds into her employer's accounts to avoid detection of the embezzlement. Ripka's use of her mother's funds to avoid detection constituted relevant conduct. U.S.S.G. 1B1.3(a)(1). Forcing her mother to prepare a false statement, therefore, constituted obstruction. U.S.S.G. § 3C1.1.

Defendant Ripka objected to the PSR's findings regarding the amount of loss. For the reasons stated of record, the Court sustained the objection

2

in part. The Court determined that the amount of loss based on embezzlement of cash donations to fund raising events should be reduced by $10,000.00. The other calculations of the amount of loss in the PSR were accurate, with the $11.00 correction noted by the Government. The Court, thus, determined that the amount of loss should be reduced to $211,277.22.

The Defendant also objected to the two-point adjustment of the offense level for breach of a position of private trust. For the reasons stated of record, the Court overruled that objection. The Court determined a breach of trust is not an element of embezzlement and, thus, the adjustment was not improper double-counting. The Court found that Ripka had broad discretion in handling her employer's United Way Fund Raising account; she could write checks on the account; she could handle cash contributions to the account without oversight; and, she could use a company credit card without prior approval. This broad level of discretion in the use of funds enabled her to commit the offense of conviction. The Court determined that the adjustment was appropriate. U.S.S.G. § 3B1.3.

The Defendant had no additional objections to the PSR. The Court, therefore, adopted the findings of the PSR as its own, subject to the

modifications noted above. Accordingly, the Court found that Defendant Ripka had a final offense level of 19, and was in Criminal History Category I, resulting in an advisory Guideline sentencing range of 30 to 37 months, in Zone D of the Guidelines. The Court noted that the Guidelines are advisory and that the Court was required to exercise its discretion to determine Defendant Ripka's sentence, considering the Guidelines, the statutory sentencing factors, and all other relevant information. United States v. Booker, 543 U.S. 220 (2005); 18 U.S.C. § 3553(a).

THEREFORE, after considering the case file, the evidence presented, the Guidelines, the relevant statutory sentencing factors, the arguments of counsel, and the statement of Defendant Ripka, the Court sentenced Defendant Gerri E. Ripka to a term of 36 months imprisonment, to be followed by 3 years of supervised release, and imposed a $100.00 special assessment. The Court determined that no fine should be imposed. The Court ordered Defendant Ripka to pay restitution in the sum of $189,477.22. As explained in open court, the restitution was less than the amount of loss because Ripka's mother elected to forego any claim of restitution. The Court directed Ripka to make an immediate payment on the restitution in the sum of $100,000.00 from her retirement account and

the equity in her home. The Court ordered that, while in prison, she should make payments on the restitution in the sum of $25.00 per quarter if she was employed in a non-UNICOR job, or $50.00 per month if she was employed in a UNICOR job. Upon release, the Court ordered her to make payments on the restitution in the sum of the greater of either $100.00 per month or 25 percent of her disposable income. The Court then informed Defendant Ripka of her appeal rights.

IT IS THEREFORE SO ORDERED.

ENTER:   January 24, 2007.

      FOR THE COURT:

                        s/ Jeanne E. Scott
                        JEANNE E. SCOTT
                        UNITED STATES DISTRICT JUDGE